*E-FILED - 2/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANARE WISE,<br><br>        Petitioner,<br><br> vs.<br><br>JAMES WALKER, Warden,<br><br>        Respondent. | No. C 09-0268 RMW (PR)<br><br>ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR EVIDENTIARY HEARING<br><br>(Docket Nos. 2, 5) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's application for leave to proceed in forma pauperis (docket no. 5) is GRANTED. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, petitioner was convicted in Alameda County Superior Court of first degree murder special circumstances, three counts of premeditated attempted murder, discharging a firearm, and being armed with a firearm. The trial court sentenced petitioner to a term of 105 years to life without parole in state prison. In 2007, on direct appeal, the state appellate court affirmed the judgment. In 2008, the state supreme court denied the petition for review. Thereafter, petitioner filed unsuccessful habeas petitions in the state courts. The instant federal petition was filed on January 22, 2009.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief petitioner claims: (1) ineffective assistance of trial counsel for (a) failing to call petitioner's expert witness, (b) failing to object to the prosecutor's presentation of false evidence regarding the shotgun and forensic analytical report, and (c) failing to object to the hearsay statement of Lamar Williams; (2) prosecutorial misconduct for (a) presenting false evidence and (b) inserting his personal opinion and inflammatory remarks in opening and closing arguments; (3) ineffective assistance of appellate counsel; (4) trial court error in failing to resolve an issue regarding petitioner's mental competency; (5) trial court error in failing to properly clarify the jury's questions regarding jury instructions; (6) trial court error in failing to sua sponte instruct, and ineffective assistance of counsel for failing to request an instruction, that an aider and abettor is not liable for crimes occurring before he joined; (7) jury instruction regarding the "natural and probable consequences" was erroneous because it relieved the prosecution from proving all elements beyond a reasonable doubt for murder and attempted murder; and (8) cumulative error. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**C.    Motion for Evidentiary Hearing**

Petitioner has also filed a motion for an evidentiary hearing. However, an evidentiary hearing is held in federal habeas cases only under the most limited circumstances. See Baja v.

1  Ducharme, 187 F.3d 1075, 1077-79 (9th Cir. 1999).  An evidentiary hearing on a claim for
2  which the petitioner failed to develop a factual basis in state court can be held only if petitioner
3  shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme
4  Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not
5  have been previously discovered through the exercise of due diligence, and (2) the facts
6  underlying the claim would be sufficient to establish by clear and convincing evidence that but
7  for constitutional error, no reasonable fact finder would have found the applicant guilty of the
8  underlying offense.  See 28 U.S.C. § 2254(e)(2).  In short, if he did not present in state court the
9  facts he wishes to present now, for instance by developing them in his state habeas proceedings,
10 he cannot do so now unless he can bring himself within the provisions of section 2254(e)(2) as
11 outlined above.
12        Here, there is no indication that an evidentiary hearing is required under 28 U.S.C.
13 § 2254(e).  Petitioner's claims do not appear to rely upon extra-record evidence and a factual
14 basis exists in the record to determine the claims.  Upon review of the merits of the petition, if
15 the court determines that further fact finding is required, the court will consider whether an
16 evidentiary hearing is necessary.  Accordingly, petitioner's motion for an evidentiary hearing
17 (docket no. 2) is DENIED without prejudice.  The court will review the merits of the petition in a
18 separate written order.

## CONCLUSION

20   1.   Petitioner's motion for an evidentiary hearing is DENIED without prejudice.
21   2.   The clerk shall serve by mail a copy of this order and the petition (docket
22 no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the
23 Attorney General of the State of California.  The clerk shall also serve a copy of this order on the
24 petitioner.
25   3.   Respondent shall file with the court and serve on petitioner, within **ninety days** of
26 the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
27 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
28 Respondent shall file with the answer and serve on petitioner a copy of all portions of the

Order to Show Cause; Granting Leave to Proceed In Forma Pauperis; Denying Motion for Evidentiary Hearing
P:\PRO-SE\SJ.Rmw\HC.09\Wise268osc.wpd         3

1 underlying state criminal record that have been transcribed previously and that are relevant to a
2 determination of the issues presented by the petition.

3 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4 court and serving it on respondent within **thirty days** of the date the answer is filed.

5     4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
6 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
7 2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion,
8 petitioner shall file with the court and serve on respondent an opposition or statement of non-
9 opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the
10 court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

11     5.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
12 all communications with the court must be served on respondent by mailing a true copy of the
13 document to respondent's counsel. Petitioner must keep the court and all parties informed of any
14 change of address by filing a separate paper captioned "Notice of Change of Address." He must
15 comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
16 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

17 This order terminates docket nos. 2 and 5.

18 IT IS SO ORDERED.
19 DATED: 2/12/09

*Ronald M. Whyte*
RONALD M. WHYTE
20 United States District Judge