**E-FILED on 9/24/14**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LANARE WISE, | ) | No. C 09-0268 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| WARDEN JAMES WALKER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | (Docket No. 35) |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the briefs and the underlying record, the court concluded that petitioner was not entitled to relief based on the claims presented and denied the petition on August 2, 2010. (Docket No. 23.) On October 9, 2012, the United States Court of Appeal denied petitioner's request for a certificate of appealability. Petitioner also filed a petition for certiorari and a petition for rehearing with the Unites States Supreme Court. Both were denied. (Docket Nos. 32 and 34.) On July 17, 2014, petitioner filed the current motion to set aside default judgment. (Docket No. 35.)

    The court construes petitioner's motion as a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence

1 could not have been discovered before the court's decision; (3) fraud by the adverse party; (4)
2 voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.
3 See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).
4 Although couched in broad terms, subparagraph (6) requires a showing that the grounds
5 justifying relief are extraordinary. Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d
6 1338, 1341 (9th Cir. 1981).

7     Petitioner does not make a showing of mistake, inadvertence, surprise or excusable
8 neglect. He does not set forth any newly discovered evidence, fraud, or any grounds for finding
9 that the judgment is void or has been satisfied. Nor does he set forth any other reason justifying
10 relief. Rule 60(b)(6) affords courts the discretion and power "to vacate judgments whenever
11 such action is appropriate to accomplish justice." Phelps v. Alameida, 569 F.3d 1120, 1135 (9th
12 Cir. 2009).

13     In the present motion, filed four years after this court entered judgment against petitioner,
14 petitioner argues that the judgment should be set aside because he believes that the prosecutor
15 presented false evidence at his trial and committed prosecutorial misconduct. Petitioner has not
16 demonstrated extraordinary circumstances. Petitioner is merely rearguing the claims that he
17 presented in his petition in 2010.

18     Accordingly, the motion for reconsideration is **DENIED**. No further filings shall be
19 accepted in this closed case.

20     This order terminates docket number 35.

21     IT IS SO ORDERED.
22 DATED: _____      _____
23     RONALD M. WHYTE
    United States District Judge

Order Denying Motion for Reconsideration
P:\PRO-SE\RMW\HC.09\Wise268denrecon.wpd     2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LANARE WISE,

        Plaintiff,

  v.

JAMES WALKER et al,

        Defendant.

Case Number: CV09-00268 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lanare Wise T76040  
C.S.P. Sacramento  
C6-218  
P.O. Box 290066  
Represa, CA 95671-0066

Dated: September 24, 2014

        Richard W. Wieking, Clerk  
        By: Jackie Lynn Garcia, Deputy Clerk